MR. JUSTICE DAY
delivered the opinion of the Court.
This is an appeal from a conviction of feloniously dispensing cannabis, a narcotic drug, in violation of C.R.S. 1963, 48-5-2, and 1971 Perm. Supp., C.R.S. 1963, 48-5-20. We affirm.
The only question presented is whether the misdemeanor exception for possession of one-half ounce or less of cannabis contained in 1971 Perm. Supp., C.R.S. 1963, 48-5-20(7)(a)(i), applies to a conviction for dispensing *106 cannabis, C.R.S. 1963,48-5-2.
In this case the evidence is that the defendant invited an undercover agent to his home and furnished him two hand-rolled marijuana cigarettes to smoke.
Defendant contends, notwithstanding the clear language and intent of the legislature to differentiate between possession and dispensing, the penalty of subsection (7)(a)(i) should apply to dispensing as well as possession when the amount dispensed is less than one-half ounce. We do not agree. The acts enumerated as crimes in C.R.S. 1963, 48-5-2, are described in the alternative. They are distinct crimes with distinct penalties. We cannot read into the statutes what they do not contain. Possession is not dispensing.
The judgment is affirmed.
MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.